UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENERAL PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-00074 |
| ) | |
| SAKINAH PARKER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Plaintiff brings the instant action against his ex-wife (Defendant Sakinah Parker, "Parker") and several Missouri State government officials alleging a host of improper acts, largely related to his divorce and parental custody proceedings.

Subsequent to the Court's Order dismissing certain of Plaintiff's claims (Docs. ##10 & 11, filed June 5, 2007), the action ensues as to: Count I: False Arrest as against Porter; Count II: Malicious Prosecution as against Parker; Count III: Malicious Prosecution as against Porter; Count IV: Malicious Prosecution as against Whirley; Count V: Due Process and Equal Protection Violations as against St. Louis County, St. Louis County Police, Porter, Kaemmerer, Lumato, and Bello; Count VIII: Malicious Prosecution as against Parker and Marshall; Count X: Injurious Falsehood as against Parker and Marshall; and Count XI: Due Process Violation as against Rush.

Now before the Court on Defendants' motions (Doc. #23, filed Jul. 30, 2007; Doc. #25, filed Aug. 6, 2007), wherein Defendants respectively move for dismissal of Plaintiff's claims on various grounds.

*LEGAL STANDARD*

In passing on a motion to dismiss under Rule 12(b), the court must take all factual allegations in plaintiff's complaint as true and view the complaint in the light most favorable to plaintiff. FED. R. CIV. P. 12(b) (2007). Under this standard, defendant is afforded an opportunity to test the sufficiency of plaintiff's claims, as a matter of law. In that way, a complaint should be dismissed only if it appears that plaintiff can prove no set of facts which would entitle her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## *ANALYSIS*

### *I. Defendant Marshall's Motion to Dismiss*

Plaintiff's claims as against Defendant Marshall include Count VIII: Malicious Prosecution and Count X: Injurious Falsehood. Marshall urges the Court to dismiss these claims in that they are frivolous, malicious, and fail to state a claim upon which relief may be granted.

**A. Malicious Prosecution**

In Missouri, claims for malicious prosecution " 'are regarded by law with jealousy' and 'ought not to be favored but managed with great caution.'" *Bellington v. Clevenger*, 228 S.W.2d 817, 818 (Mo.App. 1950) (quoting N. NEWELL, NEWELL ON MALICIOUS PROSECUTION, p. 21 (1892) *and* 18 RULING CASE LAW at 11). To state a claim, Plaintiff must prove the following:

(1) the commencement of a prosecution against plaintiff;
(2) its legal causation by defendant;
(3) its termination in favor of plaintiff;
(4) the absence of probable cause therefor;
(5) the presence of malice; and
(6) damage to plaintiff therefrom.

*Parker v. Color Tile Supermart, Inc.*, 655 S.W.2d 598, 599 (Mo.App. 1983) (citing *Hoene v. Associated Dry Goods Corporation*, 487 S.W.2d 479, 483 (Mo. 1972)).

With respect to the battery and kidnaping charges,[FN1] Plaintiff alleges that Marshall encouraged and persuaded the municipal prosecutor to file charges against him by making a series of false representations and/or omissions, and that Plaintiff was resultantly prosecuted and imprisoned.[FN2] On appeal, Plaintiff's verdict and sentence were stayed and thereafter vacated.

> **FN1**. During the proceedings relating to the orders of protection, it appears that, despite Plaintiff's desire and efforts to obtain a hearing on the orders of protection; Marshall, acting as Parker's legal advisor, encouraged Parker to seek a series of continuances and delay a full hearing on the same. Accordingly, the Court cannot logically conclude that Marshall caused or instigated the judicial proceedings. *See Bellington v. Clevenger*, 228 S.W.2d 817, 818-19 (Mo.App. 1950). *See also Palermo v. Cottom,* 525 S.W.2d 758, 764 (Mo.App. 1975) ("To render one liable for malicious prosecution begun by another it must appear that he was the proximate and efficient cause of putting the law in motion.").
>
> **FN2**. *Hunter v. Karchmer,* 285 S.W.2d 918, 929 (Mo.App. 1955) (Liability for malicious prosecution must be premised upon "affirmative action by way of advice, encouragement, etc."); *C.f. id*. at 931 ("The furnishing or procuring of evidence for the prosecuting attorney in a criminal matter where only the facts are

stated and nothing is withheld and where the prosecuting attorney makes his own investigation, and makes up his own mind to file a complaint and files it on his own responsibility and not on the request of the defendant, defendant is not the procuring cause and is not liable.").

While Plaintiff's claim requires both legal malice[FN3] and the absence of probable cause,[FN4] the complaint establishes a sufficient factual basis for purposes of the instant motion. *C.f. Knost v. Terminal R. Ass'n of St. Louis*, 222 S.W.2d 593, 597 (Mo.App. 1949) (where the reviewing court discharged criminal defendant, the record of such discharge is sufficient to state a claim for want of probable cause). Accordingly, Plaintiff's claim against Marshall for malicious prosecution of the battery and kidnaping charges shall proceed to trial.

> **FN3**. "Legal malice is 'simply ... a *general* wickedness or intent on the part of a person; a depraved inclination to do harm, or to disregard the rights or safety of mankind *generally*.' " *Burnett v. Griffith*, 769 S.W.2d 780, 788 (Mo. 1989) (internal quotations omitted) (emphasis in quotation) (quoting *Sanders v. Daniel Intern. Corp.*, 682 S.W.2d 803, 808 (Mo. 1984)).

> **FN4**. To overcome the "absence of probable cause" element, Missouri courts have accepted "reasonable grounds for suspicion, supported by circumstances in evidence sufficiently strong to warrant a cautious man in his belief that the person accused is guilty of the offense charged." *Parker v. Color Tile Supermart, Inc.*, 655 S.W.2d 598, 599 (Mo.App. 1983) (quoting *Palermo v. Cottom*, 525 S.W.2d 758, 764 (Mo.App. 1975)).

### B. Injurious Falsehood

In reviewing claims for injurious falsehood, Missouri courts follow the Restatement (Second) approach. *State ex rel. BP Products North America Inc. v. Ross*, 163 S.W.3d 922, 928-29 (Mo. 2005). To prevail here, Plaintiff must prove: (1) defendant's intent or constructive knowledge that publication of the false statement would cause pecuniary harm to another, (2) defendant knew the statement was false or acted in reckless disregard for its truth or falsity, (3) defendant published the false statement, and (4) resulting pecuniary loss to Plaintiff. RESTATEMENT (SECOND) OF TORTS § 623A (1977); *Ross*, 163 S.W.3d at 928 (citing *Annbar Assocs. v. Am. Express Co.*, 565 S.W.2d 701, 708 (Mo.App. 1978)).

Plaintiff alleges that, while falsely pretending to be Parker's attorney, Marshall assisted Parker in presenting her false allegations of battery, domestic abuse, and felony parental kidnapping to Saint Louis officials and/or prosecutors for purposes of discrediting Plaintiff and/or obtaining more favorable results in the subsequent divorce and/or custody proceedings. As a

result of the foregoing, Plaintiff seeks damages for Court costs and attorney's fees, and lost wages and job opportunities.[FN5]

For purposes of the instant motion, Plaintiff's claim is sufficiently stated.

> **FN5**. Plaintiff may only recover pecuniary damages under a claim for injurious falsehood. *See Ross*, 163 S.W.3d at 929 ("The action for injurious falsehood is to protect economic interests of the injured party against pecuniary loss.").

### C. Appointment of Counsel

While rejecting the merits of Plaintiff's claims, Defendant Marshall provisionally requests appointment of counsel in the event the foregoing claims survive dismissal.

Generally, parties to a civil action have no constitutionally guaranteed or statutory right to the appointment of counsel. *Stevens v. Redwing, et. al.*, 146 F.3d. 538, 546 (8th Cir. 1998). Notwithstanding, pursuant to 28 U.S.C. § 1915(d) (2000), a court has broad discretion to appoint counsel to represent an indigent defendant, and may consider several factors in that vein, i.e. the party's ability to comprehend, investigate, and present his case; the complexity of relevant legal issues; and the party's ability to retain his own counsel. *Stevens*, 146 F.3d. at 546.

Upon review of the matter, Marshall appears adequately competent to present his own defense, and the legal issues involved are not overly complex. Absent any special showing, Defendant's request for appointment of counsel is denied.

For the foregoing reasons, Defendant Marshall's Motion to Dismiss is granted in part. Plaintiff's claim for malicious prosecution as it relates to the orders of protection is dismissed, and Plaintiff's potential recovery for injurious falsehood shall be limited to pecuniary damages. In all other respects, Defendant's motion is denied.[FN6]

> **FN6**. On November 1, 2007, Defendant Marshall filed a second motion to dismiss (Doc. #54), and Plaintiff thereafter moved to strike the same as duplicative (Doc. #57, filed Dec. 26, 2007). In light of the Court's findings, both motions (Docs. ##54 & 57) are denied, as moot.

## II. *Defendant Rush's Motion to Dismiss*

In Count XI of the complaint, Plaintiff seeks relief as against Defendant Rush for violation of his due process rights.

Pursuant to 42 U.S.C. § 1983,[FN7] a plaintiff who has been deprived of his Constitutional rights may bring civil action against State actors. *West v. Atkins*, 487 U.S. 42, 48 (1988).

> **FN7**. "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. §1983 (2000).

Under the doctrine of "qualified immunity," state officials performing *discretionary* functions are protected from suit " 'unless their conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known.' " *Davis v. Hall*, 375 F.3d 703, 711(8th Cir. 2004) (quoting *Yowell v. Combs*, 89 F.3d 542, 544 (8th Cir. 1996)). On the instant facts, the Court finds that Rush's acts, in providing transcripts and/or certifying case files (*infra* note 8), were ministerial. Missouri court rules impose a legal duty on court clerks/reporters to certify and disclose all the transcripts and/or legal files. *See* MO. SUP. CT. R. 81.12(c) (2007) ("the clerk of the trial court shall certify copies of the documents needed for the legal file as provided in Rule 81.15(a)"). Even where there may have been some cause to exercise her own discretion (i.e. as to which transcripts/records were necessary), Rush instead relied on the direction of the county attorney and appellate court. Accordingly, qualified immunity is not available as a defense.

To state a claim under Section 1983, Plaintiff must first prove that the government offical's conduct violated a constitutional right. *Davis*, 375 F.3d at 712 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

Under the Due Process Clause of the Fourteenth Amendment, the state is prohibited from depriving "any person of life, liberty, or property, without due process of law." U.S.C. Const. amend. XIV §1 (2000). The procedural component of the Due Process Clause guarantees a fair procedure before the deprivation of "life, liberty, or property." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A Section 1983 action premised on procedural due process seeks to redress the state

actor's unconstitutional denial of procedural safeguards. *Id*. at 125-26 (citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1981) *and Carey v. Piphus*, 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property")). *See also Neal v. Fields*, 429 F.3d 1165, 1167 (8th Cir. 2005).

Here, Plaintiff states that he has a property and liberty interest in the outcome of his divorce and custody proceedings, and he is entitled due process before those rights are deprived and/or "severely curtailed."  Plaintiff further asserts that due process affords him the right to an appeal of a circuit court decree if he believes it to be in substantial error.  Thereupon, Plaintiff alleges that Rush violated his due process rights, i.e. right to an appeal, in that she improperly withheld, and/or failed to timely disclose, certain of his requested transcripts/legal files.[FN8]

> **FN8**.  The complaint sets forth that, in preparation of his appeal of the circuit court's divorce settlement decree, on February 14, 2005, Plaintiff filed a request with Rush (the circuit court reporter/ clerk who handled the relevant case files during the relevant proceedings) for (a) all transcripts relating to the divorce and custody proceedings, and (b) a certified copy of the circuit court case file.
> Despite subsequent follow-up attempts with Rush, Plaintiff did not receive any of the subject documents until May 19, 2005.  Furthermore, the hearing transcripts were incomplete and the legal file uncertified.  When Plaintiff insisted that some of the transcripts were missing, Rush responded that they were not a part of the court's record and/or part of a different case.  Contrary to Rush's assurances, she admitted that the relevant cases (containing the requested materials) had been formally consolidated.  Additionally, Plaintiff subsequently learned that the Court did have records of the subject hearings.  Nonetheless, Rush informed Plaintiff that she would have to consult with the county attorney before disclosed any additional records, and was advised to withhold the same, subject to the appellate's court's ruling.
> On June 9, 2005, Plaintiff's appeal was dismissed for failure to provide the necessary records.  Thereafter, on June 13, 2005, Rush produced a certified copy of the case file as originally requested, yet refused to produce copies of the additional hearing transcripts on grounds that the appellate court no longer exercised jurisdiction over the case.

In reviewing a procedural due process claim, courts should focus on "whether the State circumscribed the deprivation with constitutionally adequate procedures." *Parrish v. Mallinger*, 133 F.3d 612, 615 (8th Cir. 1998); *Zinermon*, 494 U.S. at 125-26 (1990).

The Missouri rules relating to appellate procedure govern the present matter.  Generally, a circuit court judgment becomes final thirty days after its entry. *State ex rel. Dos Hombres-*

*Independence, Inc. v. Nixon*, 48 S.W.3d 76, 79 (Mo.App. 2001) (citing *McDonald v. McDonald*, 946 S.W.2d 743, 746 (Mo.App. 1997) *and* MO. SUP. CT. R. 81.05(a) (2002)). Thereafter, a notice of appeal may be filed with the circuit court no later than ten days after such judgment becomes final. MO. SUP. CT. R. 81.04(a) (2006); MO. REV. STAT. §512.050 (2007). Once the notice of appeal is timely filed, "failure of the appellant to take any of the further steps to secure the review of the judgment or order appealed from does not affect the validity of the appeal, but is ground for such action as the appellate court deems appropriate, which may include dismissal of the appeal." *Id*.

Within ninety days of filing the appeal notice, appellant "shall cause" the transcript to be prepared and filed with the appellate court clerk. MO. REV. STAT. §512.110.1; 512.130. *But see id*. §512.140 (time may be extended by circuit court). The prepared transcript is to include "all of the record, proceedings and evidence necessary" to the appellate review. *Id*. §5.12.110.2.

If there is any dispute concerning the correctness of the transcript or the parties do not stipulate as to the same, the transcript must be settled and approved by the trial court. MO. REV. STAT. §512.110.3. Any omissions or misstatements may be corrected by the parties' individual or joint initiative, either to the trial or appellate court. *Id*; MO. SUP. CT. R. 81.12 (f) (2002). The appellate court may, in its discretion, order the trial court clerk to prepare and file a supplemental transcript to include "any additional part of the record, proceedings and evidence, or the clerk may be directed to send up any original documents or exhibits." *Id*.

Upon review of the complaint, Plaintiff has failed to adequately state a claim as against Defendant Rush. Accepting Plaintiff's allegations as true, Rush violated her court clerk/reporter duties in failing to timely certify and disclose all the requested and necessary transcripts/ legal files. Notwithstanding, the rules expressly anticipate situations like the one faced by Plaintiff, and offer an alternative remedy. To wit, if Rush was unreceptive or noncompliant to Plaintiff's repeated requests, he was entitled to seek intervention from the trial or appellate court *before the deprivation*, i.e. his dismissal. His failure to do so will not impose upon Defendant Rush an over-stated ability to deprive. *See Parrish*, 133 F.3d at 615.

*E.g.*, *Parette v. Virden*, 173 Fed.Appx. 534, 537 (8th Cir. 2006) (citing *Williams v. Nix*, 1 F.3d 712, 717 (8th Cir. 1993) (procedural due process applies only to property and liberty interests encompassed by the 14th Amendment, and while those interests may be created by state

laws and policies, violations of those laws or policies, without more, are not violations of federal due process rights )).

Thereupon Plaintiff has failed to establish that Rush's conduct violated a Constitutional right. Accordingly, Rush's motion to dismiss shall be granted. *See Davis*, 375 F.3d at 712.

**D**ated this 13th day of March, 2008.

                                           /s/ Stephen N. Limbaugh
                                           **SENIOR UNITED STATES DISTRICT JUDGE**