**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| GENERAL PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV0074SNLJ |
| SAKINAH PARKER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

This matter is before the Court on Defendants St. Louis County, St. Louis County Police Department, Officer David Porter, Officer Unknown Kaemmerer, Officer Unknown Lumato, Officer Unknown Bello and St. Louis County Prosecutor Sheila Whirley's Motion to Dismiss (#41) filed on September 9, 2007. this motion to dismiss is addressed only to Counts I, III, IV, and V. There was no responsive pleading as to this motion.

Plaintiff, General Parker, filed a Second Redacted First Amended Complaint on June 8, 2007. The plaintiff alleges violations of federal law based on 42 U.S.C. § 1983 and state law claims. As against Officer David Porter, plaintiff alleges a violation of his Fourth Amendment rights (Count I) and malicious prosecution for kidnaping (Count III) stemming from Porter's arrest of plaintiff on May 1, 2003, and denial of his due process and equal protection rights (Count V). Plaintiff alleges defendant Whirley maliciously prosecuted him for kidnaping (Count IV) and violated his due process and equal protection rights (Count VII). Finally, as against defendants St. Louis County, St. Louis County Police Departments, Officer Unknown Kaemmerer, Officer Unknown Lumato, and Officer Unknown Bello plaintiff

alleges a denial of due process and equal protection (Count V).

Plaintiff was arrested on May 1, 2003, for the parental kidnaping of his son LP. He alleges that both defendants Whirley and Officer Porter had reason to know or should have had reason to know that he was not guilty of kidnaping and yet continued with the arrest and prosecution. Plaintiff also contends that since the time of his arrest on kidnaping charges the St. Louis County Police Department and its officers have failed to aid him in the enforcement of his child custody order.

**I. Defendant Porter and Defendant Whirley – *Res Judicata***

The plaintiff previously filed a § 1983 action in 2005 naming Officer Porter and Sheila Whirley, along with several others as defendants. Plaintiff alleged that Officer Porter made harassing phone calls, falsified and lied in police reports, and falsely accused the plaintiff while investigating domestic complaints by plaintiff's ex-wife. Parker v. Whirley, 4:05CV281JMW, Complaint at pg. 3. These actions then led to his arrest on May 1, 2003. Id. In addition, plaintiff alleged that defendant Whirley, a state prosecutor, prosecuted him for kidnaping despite evidence to the contrary and allowed perjured testimony by plaintiff's ex-wife and Officer Porter during court proceedings. Id.

"Under the doctrine of *res judicata*, a judgment on the merits in a prior lawsuit bars a second suit involving the same parties or their privies based on the same cause of action." Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979); *see also*, Professional Management Associates v. KPMG, LLP., 345 F.3d 1030, 1032 (8th Cir. 2003); Lundquist v. Rice Memorial Hosp., 238 F.3d 975, 977 (8th Cir. 2001); Costner, et al. v. URS Consultants, 153 F.3d 667, 673 (8th Cir. 1998); Landscape Properties, Inc. v. Whisenhunt, 127 F.3d 678, 682

(8th Cir. 1997); United States v. Gurley, 43 F.3d 1188, 1195 (8th Cir. 1994). The application of the doctrine of *res judicata* has three requirements: (1) the prior judgment was rendered by a court of competent jurisdiction, (2) the prior judgment was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. Lundquist, at 977; DeLlano v. Berglunds, et al., 183 F.3d 780, 781 (8th Cir. 1999); Costner, at 673; Murphy v. Jones, 877 F.2d 682, 684 (8th Cir. 1989), *citing* Headley v. Bacon, 828 F.2d 1272, 1274 (8th Cir. 1987). Even if a plaintiff raises a new legal theory of recovery in the second action, *res judicata* bars all claims that were or could have been raised in an earlier action. "Final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action." Lundquist, at 977 *citing* Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398-99 (1981); Biermann v. United States of America, 67 F.Supp 2d 1057, 1060 (E.D.Mo. 1999). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action . . . the two cases are really the same 'claim or 'cause of action' for purposes of *res judicata*. Ruple v. City of Vermillion, South Dakota, 714 F.2d 860, 861 (8th Cir. 1983); *see also*, Landscape Properties, at 683 *citing* Ruple. The bottom line is whether the wrong for which redress is sought is the same in both actions. Costner, et al. v. URS Consultants, 153 F.3d 667, 674 (8th Cir. 1998) *citing* United States v. Gurley, 43 F.3d 1188, 1196 (8th Cir. 1994). However, *res judicata* does not apply to claims that did not exist when the earlier lawsuit was filed. Lindquist, at 977. "[I]t is well settled that claim preclusion does not apply to claims that did not arise until *after* the first suit was filed." Baker Group, L.C. v. Burlington Northern & Santa Fe Ry. Co., 228 F.3d 883, 886 (8th Cir. 2000).

The first element of the *res judicata* doctrine is proper jurisdiction. There is no dispute that the United States District Court, Eastern District, was a court of competent jurisdiction in the first action.

The second element of the *res judicata* doctrine is that the case was a final judgment on the merits. The court dismissed defendant Whirley's case on May 18, 2005, *sua sponte* without prejudice, thus it was not a final judgment on the merits. Parker v. Whirley, et al., 4:05CV281JMW, Court Order #5. Officer Porter's motion for dismissal in the 2005 case, however, was granted, and he was dismissed on February 6, 2006, with prejudice making it a final decision on the merits. Parker v. Whirley, et al., 4:05CV281SNL, Court Order #18.

Finally, for *res judicata* purposes, the claims must arise out of the same operative facts and claim similar causes of action. It is clear to this Court that plaintiff's complaint presents the same cause of action filed and previously resolved by the court in Parker v. Whirley, 4:05CV281SNL. Both lawsuits against Officer Porter involve the same arrest of plaintiff Parker for kidnaping. One additional claim is made against Officer Porter in Count V of plaintiff's most recent complaint alleging violations of due process and equal protection in the enforcement of plaintiff's child custody order. The additional claim will be discussed below.

Because plaintiff's claims against defendant Officer Porter regarding his actions prior to and during the kidnaping case have been previously adjudicated as a final decision on the merits in a court of competent jurisdiction, the doctrine of *res judicata* bars Counts I and III against Officer Porter. However, because the claim against defendant Whirley in Count IV was dismissed without prejudice, it is not a final decision on the merits and thus the doctrine of *res judicata* is inapplicable.

## II. Defendants St. Louis County, Officer Porter, Officer Kaemmerer, Officer Lumato, and Officer Bello – *Res Judicata*/Failure to State a Claim

Count V of plaintiff's complaint alleges that St. Louis County, the St. Louis County Police Department[1], Officer Porter, Officer Kaemmerer, Officer Lumato, and Officer Bello failed to assist plaintiff in enforcing his child custody order. This conduct, plaintiff claims, constitutes a violation of his due process and equal protection rights that is actionable under 28 U.S.C. § 1983.

Defendants move for summary judgment on Count V solely on the basis of *res judicata*. As noted, plaintiff previously filed a complaint against Officer Porter, in his official capacity, relating to his involvement in plaintiff's custody dispute. Plaintiff now brings claims against Porter and the other officers in their official capacities, as well as their employer, St. Louis County, and all the claims relate to the same custody dispute. Because "[t]he real party in interest in an official capacity suit is the government entity and not the named official," defendants claim that St. Louis County was the proper party of interest in both suits and all claims should now be barred by *res judicata*. Mondell v. Dep't of Social Services, 436 U.S. 658, 690 n. 55 (1978); Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007).

In order for *res judicata* to apply, the complaint must involve the same issue or issues that were raised or could have been raised in plaintiff's prior complaint. Mountain Pure, LLC v. Turner Holdings, LLC, 439 F.3d 920, 923 (8th Cir. 2006). If the subsequent litigation is

---

[1] Plaintiff's claim against St. Louis County Police Department is legally frivolous because the Police Department is not a suable entity. Ketchum v. City of West Memphis, Arkansas, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local governments are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F.Supp 2d 967, 968-69 (E.D. Mo. 2004).

based on the same events as the previous lawsuit, *res judicata* apples even if the later suit raises new legal issues and seeks additional remedies. Id. Thus, the Court must determine if the present case arises out of the same events as plaintiff's previous case against Officer Porter. As stated above, the previous case against Officer Porter involved allegations surrounding plaintiff's arrest for kidnaping. The claims against the County and its officers in Count V center on their refusal to give police assistance in the enforcement of his child custody claim. The events both relate to plaintiff's custody dispute, but this Court finds that the claim in this case for failure to assist in his custody dispute is not based on the same events as his previous claim for false arrest. In addition, the present case involves allegations of a failure to assist by defendant Bello in October 28, 2005, after the previous action had been filed.

Although the claims in Count V not barred by *res judicata*, this Court does find sufficient cause to dismiss Count V *sua sponte* pursuant to 28 U.S.C. § 1915 (e)(2)(B). Because plaintiff filed this proceeding *in forma pauperis*, this Court is required to dismiss any portion of the case at any time if the Court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915 (e)(2)(B)(ii). For a claim based on 42 U.S.C. § 1983 a plaintiff must allege that (1) some person deprived the plaintiff of a federal right and (2) the person was acting under color of state law. Jennings v. Lombardi, 70 F.3d 994, 995 (8th Cir. 1995); Morton v. Becker, 793 F.2d 185 (8th Cir. 1986). Though plaintiff purports to allege that officers of the St. Louis County Police Department, working in their official capacity, deprived him of his right to due process and equal protection, the factual allegations as pled, however, do not amount to a constitutional violation.

### A. Due Process

Generally, "[t]o establish a legally cognizable substantive due process claim under § 1983 [plaintiff] must identify an arbitrary abuse of executive power that 'shocks the conscience.'" Terrell v. Larson, 396 F.3d 975, 982 (8th Cir. 2005) *quoting* County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998). Substantive due process is to act as a 'protection against arbitrary action' and against 'the exercise of power without any reasonable justification in the service of a legitimate governmental objective.' County of Sacramento at 844-46.

In this case, plaintiff alleges that the named officers refused to assist him in the enforcement of his child custody order when he asked for their help on several occasions. In particular, the complaint states that Officer Porter "screamed and cursed" at the plaintiff and Officer Bello threatened him with arrest if he persisted in his requests for assistance. It is altogether unclear just how the officers' refusal to assist plaintiff constitutes a substantive due process violation. and plaintiff fails to adequately explain his position on this point. Whatsmore, presumably the child custody order is directed to the mother, not the police officers, and presumably plaintiff's remedy was to seek enforcement of the court order by a contempt action against the mother. That said, under Missouri law, a child custody order "may include a provision that the sheriff or other law enforcement officer shall enforce the rights of any person to custody or visitation." RSMo § 452.425 (2000), but plaintiff has not alleged that the order contains such a provision. Absent that allegation, plaintiff's claim fails.

To the extent that plaintiff also bases his claim on the officer's screams and threats, the cases hold to the contrary: that "[v]erbal abuse is normally not a constitutional violation,"

Doe v.Gooden, 214 F.3d 952, 955 (8th Cir. 1995), and specifically, verbal threats by a state actor do not constitute a valid § 1983 claim, Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992). Furthermore, these alleged actions do not "shock the conscience." Based on these established standards, the defendants' actions do not rise to the level of being a violation of plaintiff's substantive due process rights.

### B. Equal Protection

Plaintiff next alleges that the individual defendants failed to assist him because he was male. However, he does not raise any facts to support this argument beyond a generalized allegation that there were statements by the officers that they would not aid plaintiff in the enforcement of the order even if the child's mother was not in compliance. This generalized allegation is not enough to create a plausible inference that the police were refusing assistance because he was male, and no specific evidence was alleged that rose beyond mere speculation.

the result is the same, as to defendant St. Louis County, to be successful in a § 1983 action against a government entity for violation of equal protection based on gender there must be sufficient allegations that a reasonable jury could infer that the police had a policy or custom to provide less protection to a particular gender. Ricketts v. City of Columbia, Mo., 36 F.3d 775, 779 (8th Cir. 1994) (to survive summary judgment, plaintiff must demonstrate a policy or custom of a police department to provide protection to female victims of domestic abuse). Plaintiff alleges that one could infer a custom or policy of discrimination based on gender by the police department based on the officers' statements. But, even in the light most favorable to the plaintiff, the officers' alleged statements do not support such an inference.

For the foregoing reasons, Count V is dismissed as to St. Louis County, Officer

Porter, Officer Kaemmerer, Officer Lumato, and Officer Bello.

**IV. Defendant Whirley**

Plaintiff alleges in Count IV that defendant Whirley, a state prosecutor, maliciously prosecuted him for the kidnaping of his son. "Under Missouri law, prosecutors are entitled to absolute immunity from tort claims." Reasonover v. St. Louis County, 447 F.3d 569, 585 (8th Cir. 2006). In addition, Whirley has absolute immunity from liability for damages under 42 U.S.C. § 1983 for her actions in initiating a criminal prosecution and presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 431-32 (1976); White v. Bloom, 621 F.2d 276, 280 (8th Cir. 1981).

Even disregarding defendant's immunity, plaintiff failed to state facts sufficient to constitute a cause of action for malicious prosecution. To demonstrate malicious prosecution the plaintiff must allege that (1) defendant initiated or continued a prosecution of the plaintiff which terminated in plaintiff's favor, (2) defendant acted with malice and without reasonable grounds, and (3) plaintiff was thereby damaged. Joseph H. Held & Associates, Inc. v. Wolff, 39 S.W.3d 59, 62-63 (Mo. App. E.D. 2001) *citing* Stafford v. Muster, 582 S.W.2d 670, 675 (Mo. banc 1979). Here, plaintiff alleges that defendant Whirley knew or should have known that he was not guilty of parental kidnaping. The complaint itself, however, establishes enough facts surrounding the domestic dispute between plaintiff and his ex-wife, plaintiff's taking of his son to Illinois, and allegations that his son's personal belongings were removed from his mother's home to establish reasonable grounds for parental kidnaping.

In Count VII[2], plaintiff also brings a claim against defendant Whirley for denial of due process and equal protection based on her testimony in his child custody hearing. Specifically, plaintiff alleges that defendant Whirley's testimony at the hearing on plaintiff's Motion for an Order of Protection against his ex-wife for child abuse was "inherently improper" because she was neither the attorney of record nor a witness. To the contrary, Whiley cannot be liable because "[a]bsolute immunity . . . protects any [government investigator's] role as a witness in state court." The Schatz Family, et al. v. Gierer, et. al., 399 F.Supp 2d 973, 989 (E.D.Mo. 2004) *citing* Manzano v. South Dakota Dept of Social Services, 60 F.3d 505, 512 (8th Cir. 1995). Similarly, absolute immunity also protects any defendant who gives a report or recommendation to the juvenile court. *See* Myers v. Morris, 810 F.2d 1437, 1466 (8th Cir. 1987), *abrogated in part on other grounds by* Burns v. Reed, 500 U.S. 478 (1991).

In addition, based on the same discussion as above, the complaint does not allege any specific acts or statement that could amount to a violation of due process or equal protection. The allegation that defendant Whirley used her testimony as a threat or as intimidation does not "shock the conscious" nor does it allow the inference of discrimination based on gender. Plaintiff fails to state a claim for violation of due process or equal protection.

In sum, plaintiff makes no allegations that would remove defendant Whirley from immunity for her prosecution of the plaintiff or her testimony as a witness in plaintiff's later proceeding. The claims for malicious prosecution in Count IV and due process and equal protection violations in Count VII are therefore dismissed.

---

[2] This Count is identical to Count VII that was dismissed by this Court as fivioulus, without prejudice, on June 5, 2007, but was refiled in plaintiff's second redacted complaint on June 8, 2007.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss (#41) be and is **GRANTED** in its entirety with prejudice.

Dated this __5th__ day of February, 2009.

                                                                          _____
                                                                          UNITED STATES DISTRICT JUDGE